## DUNHAM v. MULBY.

Ohio Appeals, 5th Dist., Knox Co.

F. O. Levering and Robert J. Grossman, Mt. Vernon, for Dunham.

Robert L. Carr, Cleveland, and B. E. Sapp, Mt. Vernon, for Mulby.

**225. CHARGE OF COURT.—327. Courts. —1235. Verdicts.**

HOUCK, J.

1. Under 11447 GC., par. 5, it is not discretionary with trial judge to withhold until after argument to jury written requests before argument, if requests properly state law.

2. Where written requests before argument properly stated law, and were applicable to case, refusal of trial judge to give requests before argument is ground for reversal, if record affirmatively shows written requests were made before argument.

3. A reviewing court must rely wholly on record before it.

4. Where record did not affirmatively show that written request to charge before argument was made to trial judge, no prejudicial error in refusing written request under 11447, GC., par. 5 was shown on appeal.

5. In action for damages for malicious prosecution, charge on probable cause, malice, and damages held to fully cover usable facts.

6. Verdict of $800 as damages for malicious prosecution, though seemingly excessive, cannot be reversed, where there was nothing in record indicating that verdict was rendered by jury by reason of passion or prejudice.

(Shields and Lemert, JJ., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

## GOLDBERG et v. STATE.

Ohio Appeals, 1st Dist., Hamilton Co.

Charles H. Elston, Cincinnati, for Goldberg.

Chas. S. Bell, Pros. Atty., and Carl E. Basler, Cincinnati, for State.

**661. INTOXICATING LIQUOR.**

CUSHING, J.

1. Indictment charging defendants with unlawfully making intoxicating liquor containing more than one-half of 1% alcohol is sufficient to admit proof of any kind of liquor mentioned in 6212-14 GC. and to charge offense under 6212-15 and 6212-17, GC.

2. Where court promptly stopped counsel when undertook to go outside record, and cautioned jury to decide case according to law and evidence, there was no prejudicial error in argument of counsel characterizing instruments used in manufacture of liquor for which defendants were prosecuted.

(Buchwalter, PJ., and Hamilton, J., concur.)

For reference to full opinion, see Omnibus Index, last page, this issue.

## FOWLER v. SMITH.

Ohio Appeals, 5th Dist., Morgan Co.

Charles H. Fouts, McConnellsville, for Fowler.

M. E. Danford and J. Q. Lyne, McConnellsville, for Smith.

**147. BILLS, NOTES AND CHECKS.— 1271. Wills and Legacies.—287. Consideration.**

HOUCK, J.

1. In determining what constitutes consideration for note, "value" is any consideration sufficient to support a simple contract.

2. Antecedent or pre-existing debt is sufficient to constitute value, in determining consideration for note.

3. Under will bequeathing to wife all husband's property during her natural life, or as long as she remains unmarried, wife took no actionable interest in unpaid note payable to husband.

4. "Consideration" is benefit to promisor or less or detriment to promisee, in determining validity of consideration of negotiable instrument.

5. "Valuable consideration" may consist either in some right, interest, profit, or benefit accrued to one party, or some forbearance, detriment, loss or responsibility suffered or undertaken by the other.

6. Language in will must be given its plain, ordinary meaning.

7. Under will bequeathing all of husband's property to wife for life, or as long as she remains unmarried, wife took only life estate in unpaid note payable to husband.

8. Where widow took life interest in note payable to husband, execution of new note to widow by maker of old note on surrender of old note was without consideration, and court should have directed for defendant in suit on new note.

(Shields, J., concurs. Lemert, J., dissents.)

For reference to full opinion, see Omnibus Index, last page, this issue.

---

(Continued from Page 29)

20863—Commonwealth Causualty Co. v. Estella Bebout, administratrix, Mahoning. Petition in error filed as of right dismissed. No debatable constitutional question involved. Dock. 5 Abs. 823.

16924—State of Ohio, ex John G. Price, attorney general, v. the Pennsylvania Railroad Co. et al. in quo warranto. Demurrer of defendants to reply to second defense of answer overruled.

20567—Industrial Commission of Ohio v. Rose Kamrath, Montgomery. Judgment reversed. Dock. 5 Abs. 378.

### MOTION DOCKET

20582—George F. Mitchell v. Liberty Gauge & Instrument Co. Motion for Cuyahoga Appeals to certify. Dismissed for want of prosecution. Dock. 5 Abs. 398.

20683—George J. J. Mackay v. State of Ohio. Motion by defendant in error to dismiss petition in error filed as of right. Sustained. Dock. 5 Abs. 506.

20724—Floyd Kelsey v. State of Ohio. Motion by defendant in error to dismiss petition in error filed as of right. Sustained. Dock. 5 Abs. 556.

(Continued on Page 32)